

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

JOHN XXXXX XXXXXXXXXXXX XXXX
ATTORNEY GENERAL

January 10, 1939

Mr. R. A. Courtney
County Auditor
Angelina County
Lufkin, Texas

Opinion No. 0-38
Re: Right of Commissioners'
Court to contract for a
special audit of County
books.

Dear Mr. Courtney:

Your request for an opinion as to the right
of and the authority of the Commissioners' Court to con-
tract for a special audit of County books has been received
by this department.

The County budget law, Article 689a, Ver-
non's Annotated Civil Statutes, Section 11, provides, in
effect, that no expenditures of County funds shall be
made except in strict compliance with the County budget,
providing that emergency expenditures may be authorized
from time to time by the Commissioners' Court by way of
amendments to the original budget. However, the emergency
must be such as is provided for in the statute and to meet
unusual and unforeseen conditions which could not have been
included in the original budget by reason of diligent
thought and attention.

Article 1641, Revised Civil Statutes, pro-
vides:

"Audit by accountant. -- Any com-
missioners court, when in its judgment an
imperative public necessity exists therefor,
shall have authority to employ a disinterested,
competent and expert public accountant to audit
all or any part of the books, records, or ac-
counts of the county; or of any district, county

or precinct officers, agents or employes, including auditors of the counties, and all government units of the county, hospitals, farms, and other institutions of the county kept and maintained at public expense, as well as for all matters relating to or affecting the fiscal affairs of the county. The resolution providing for such audit shall recite the reasons and necessity existing therefor such as that in the judgment of said court there exists official misconduct, willful omission or negligence in records and reports, misapplication, conversion or retention of public funds, failure in keeping accounts, making reports and accounting for public funds by any officer, agent, or employe of the district, county or precinct, including depositories, hospitals, and other public institutions maintained for the public benefit, and at public expense; or that in the judgment of the court, it is necessary that it have the information sought to enable it to determine and fix proper appropriation and expenditure of public moneys, and to ascertain and fix a just and proper tax levy. The said resolution may be presented in writing at any regular or called session of the commissioners court, but shall lie over to the next regular term of said court, and shall be published in one issue of a newspaper of general circulation published in the county provided if there be no such newspaper published in the county, then notice thereof shall be posted in three public places in said county, one of which shall be at the court house door, for at least ten days prior to its adoption. At such next regular term said resolution shall be adopted by a majority vote of the four commissioners of the court and approved by the county judge. Any contract entered into by said commissioners court for the audit provided herein shall be made in accordance with the statutes applicable to the letting of contracts by said court, payment for which may

be made out of the public funds of the county in accordance with said statutes. The authority conferred on county auditors contained in this title as well as other provisions of statutes relating to district, county and precinct finances and accounts thereof shall be held subordinate to the powers given herein to the commissioners' court (Acts 1923, p. 170)."

In view of the foregoing authorities, it is my opinion that the Court did not exceed its authority in awarding this contract provided the conditions existed and the procedure was followed as prescribed in Article 1641. However, unless there was imperative public necessity for such action the Court would have no authority to make such contract. According to the county budget law, any expenditures of county funds should be provided for in the budget or by way of amendment to the original budget and, in the event the original budget or some amendment thereto does not provide for such expenditures, the same could not be legally paid out of the County Funds.

Trusting that the foregoing answers your inquiry, I remain

Respectfully yours

ATTORNEY GENERAL OF TEXAS

By      Ardell Williams
                Assistant

AW:AW

APPROVED:

Gerald C. Mann
Attorney General of Texas